**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-26-177-D |
| | ) | |
| LI SHUN CHEN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is the parties' Amended Joint Motion to Declare Complex Case and Continue Trial and Motion Deadlines [Doc. No. 527].[1] The joint motion requests that the Court continue the trial of this case to the July 2027 jury trial docket.

For reasons fully set forth in the parties' motion, the Court finds that the motion should be granted. Specifically, the Court finds that this criminal matter is both factually and legally complex, involving fifty-one defendants and alleging a drug conspiracy. The government represents that the Indictment stems from a lengthy investigation involving two wiretaps. Further, many of the Defendants require the aid of an interpreter to confer with their counsel and review discovery. This case involves a large volume of discovery, and the government anticipates seeking further warrants for several of the devices seized.

---

[1] Defendants are charged in a single indictment. Thirty-six Defendants have been arraigned on the indictment. Thirty-four Defendants do not object to the motion. Counsel for Xioafeng Huang states a general objection to the motion but fails to state any specific grounds. Accordingly, the objection is overruled. Additionally, it is unclear to the Court whether Allen McGuire joins in this motion. It appears he was arraigned and appeared with counsel, but counsel has not filed an entry of appearance in this case. Counsel for Mr. McGuire shall file an entry of appearance on or before June 12, 2026.

1

Under the circumstances, including the nature of the charges and the existence of complex factual and legal issues, it is unreasonable to expect adequate pretrial proceedings, evaluation of defenses requiring notice, or the trial itself to occur within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

For these reasons, the Court finds that the ends of justice served by granting the motion—and the period of delay inherent in setting reasonable case management deadlines and scheduling the trial on an appropriate docket—outweigh the interests of Defendants and the public in a speedy trial. *See id.* § 3161(h)(7)(A). Upon consideration of the pertinent factors, the Court finds that excluding this case from the ordinary time constraints is necessary in order to protect each Defendant's right to effective assistance of counsel, to provide a reasonable amount of time for all parties to engage in adequate trial preparation, and to avoid a miscarriage of justice. See *id.* § 3161(h)(B)-(C); *see also United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009). Therefore, the period of delay caused by granting the motion is excludable for purposes of the Speedy Trial Act.

The parties have proposed a scheduling order for the Court's review. Upon review, the Court finds the proposed scheduling order appropriate. The Court, therefore, will enter a separate scheduling order in this manner.

**IT IS THEREFORE ORDERED** that the Amended Joint Motion to Declare Complex Case and Continue Trial and Motion Deadlines [Doc. No. 527] is **GRANTED**. The matter is **STRICKEN** from the June 9, 2026, trial docket and continued to the July 2027 trial docket.

**IT IS FURTHER ORDERED** that the separate scheduling order entered in this case shall apply to those defendants who have previously agreed to the terms of the proposed scheduling order. Any newly arraigned defendants shall be advised of the entry of the scheduling order at the time of their respective arraignments. Any newly joined defendant shall have 14 days from the date of their arraignment to object to the terms of the scheduling order. A failure to object will be deemed a defendant's acknowledgment and approval of the findings set forth in this order declaring the case complex and the scheduling order deadlines set forth in the separately filed scheduling order.

**IT IS SO ORDERED** this 5th  day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

3